The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District-West P.O. Box 548 Nashville, Arkansas 71852
Dear Mr. Steel:
This is in response to your request for an opinion, on behalf of Little River County, regarding the county tax collector's office fund, which, as I understand it, is a specific fund within the county general fund. Specifically, you have inquired as to whether monies from this fund may be used to pay for a percentage of the sheriff's vehicle, as well as repairs on the vehicle. You indicate that, currently, the cost for these items are paid for out of the county general fund. You also indicate that a portion of the sheriff's salary is paid for out of the tax collector's office fund. Finally, it is my understanding that the offices of sheriff and county tax collector are combined in Little River County, as allowed by A.C.A. § 14-14-1301(a)(5)(A) (1987).
With regard to your question, I assume that the tax collector's office fund to which you refer was set up pursuant to an appropriation ordinance by the county quorum court, as I have found no state statute which refers to such a fund. Arkansas Code Annotated 14-14-907(a)(1) (1987) defines an appropriation ordinance as "a measure by which the county quorum court designates a particular fund, or sets apart a specific portion of county revenue in the treasury, to be applied to some general object of expenditure or to some individual purchase or expense of the county." Subparagraph (a)(3)(B) of that statute states that appropriation measures include the enactment of "specific appropriations by which a specified sum has been set apart in the treasury and devoted to the payment of a particular demand." As to the expenditure of appropriated county funds, A.C.A. §14-14-1102(b)(2)(B)(ii) (1987) provides that, before approving vouchers for payment of county funds, the county judge must determine, among other things, that the expenditure is in compliance with the purposes for which the funds are appropriated. In light of this precept, it is my opinion that monies from the tax collector's office fund cannot be used for the expenses to which you refer, since it does not appear that the fund has been designated for such purposes. This seems evident by the fact that expenses for the sheriff's vehicle are currently paid for out of a different fund. As such, any monies paid from the tax collector's office fund for expenses which are inconsistent with the purposes of the fund, would appear to be contrary to the applicable appropriation ordinance. It should be noted, however, that county quorum courts have the power to amend appropriation ordinances pursuant to the procedures set forth in A.C.A. § 14-14-907.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh